FILED
Valerie Wyant
CLERK, SUPERIOR COURT
03/06/2019 6:03PM
BY: SCALANDRA
DEPUTY

Case No.: S0300CV201900114
HON. DAN SLAYTON

Eddie A. Pantiliat (SBN 015231)
Lori N. Brown (SBN 027952)
**HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC**
16427 N. Scottsdale Road, Suite 300
Scottsdale, Arizona 85254
(480) 991-9077
Attorneys for Plaintiff

### SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF COCONINO

| | |
|---|---|
| TODD SERLIN<br><br>vs.<br><br>XANTERRA PARKS & RESORTS, INC., a Delaware corporation authorized to conduct business in the State of Arizona; JOHN DOES I through V; JANE DOES I through V; BLACK CORPORATIONS I through V; WHITE PARTNERSHIPS I through V; and GREEN LIMITED LIABILITY COMPANIES I through V,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>(Tort – Non-Motor Vehicle)<br><br>(Tier 2 Case) |

Plaintiff, TODD SERLIN (hereinafter referred to as "Todd"), by his undersigned attorneys, for his Complaint against Defendant XANTERRA PARKS & RESORTS, INC., a Delaware corporation, authorized to conduct business in the State of Arizona ("Xanterra") alleges as follows:

### **GENERAL ALLEGATIONS**

1. Todd is, and at all times relevant to this Complaint was, a resident of Los Angeles County, California.

2. Xanterra is, and at all times herein mentioned was, a Delaware corporation authorized to transact business in the State of Arizona.

3. Upon information and belief, Xanterra is the owner of the El Tovar Restaurant located at 1 El Tovar Rd, Grand Canyon, Arizona (the "Restaurant").

4. The true names of Defendants identified as John Does I through V; Jane Does I through V; Black Corporations I through V; White Partnerships I through V; and

1  Green Liability Companies I through V are currently unknown to Todd, and when he
2  ascertains the true names of said Defendants, he will amend this Complaint to set forth
3  same.

4      5.    The acts and events complained of herein occurred in Coconino County,
5  Arizona.

6      6.    On December 27, 2016 at approximately 6:30 p.m., Todd and his partner,
7  Mark Bauer ("Mark"), were guests at the El Tovar Hotel and patrons at the Restaurant
8  while vacationing at the Grand Canyon.  They had planned to stay overnight and then be
9  on their way back to California to continue their vacation into New Year's Eve.

10     7.    While dining at the Restaurant, Todd questioned the waitress several times
11 to confirm that the French soup on the menu could be prepared gluten-free.  The waitress
12 reassured Todd that the Soup could be prepared gluten-free by removing the crouton and
13 specifically mentioned that the kitchen was equipped with an area to prepare foods for
14 people with gluten allergies.  Todd asked the waitress to confirm with the chef that there
15 was no gluten in the base of the Soup.  After receiving final confirmation from the chef,
16 Todd felt assured that the Soup was gluten-free and ordered that along with a duck entree
17 with rice (rice pilaf was not gluten-free and Todd switched) and vegetables.

18     8.    At the time Todd suffered  from Celiac Disease (an autoimmune disorder
19 where gluten foods damage the small intestines). Therefore,  he is extremely careful not
20 to consume any foods that contain gluten.

21     9.    During dinner, Todd ate what he believed to be gluten-free food.

22     10.    Within 1-2 hours following dinner, Todd was not feeling well and
23 progressively throughout that evening, his symptoms intensified into waves of nausea,
24 radiating abdominal pain, a migraine headache, vomiting, and then diarrhea.

25     11.    It was later determined that the Restaurant served Todd food that contained
26 gluten.

911030:1/21068-00:PD
1627754v1

12. As a result of the foregoing, Todd suffered severe and permanent personal injuries more fully discussed *infra*.

### FIRST CAUSE OF ACTION

13. Todd restates and realleges the allegations set forth in paragraphs 1 through 12 as if they were fully set forth herein.

14. The direct and proximate cause of Todd's injuries was Xanterra's negligence in serving Todd food that contained gluten.

15. Xanterra's negligence caused serious personal injuries to Todd that included, but were not limited to: gastroenteritis, nausea, dehydration, damage to his pancreas, diabetes, and emotional distress.

16. As a further direct and proximate cause of Xanterra's negligence, Todd has suffered, and will continue to suffer, for an indefinite time, great pain, suffering, significant discomfort and loss of quality of life.

17. As a further direct and proximate cause of Xanterra's negligence in serving food that contained gluten, Todd has incurred, and will expect to incur, further expenses for necessary medical care and treatment for the rest of his life.

WHEREFORE, Plaintiff demands Judgment against Defendants and each of them, for damages in an amount to be proven at trial, plus costs incurred herein and interest at the legal rate on the foregoing amounts, and such other further relief as the Court deems just on the premises.

DATED this 6th day of March 2019.

**HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC**

_____
Eddie A. Pantiliat
Lori N. Brown
*Attorneys for Plaintiff*

3

911030:1/21068-00:PD
1627754v1